JAMES J. O'TOOLE, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 19402. Promulgated June 22, 1928.

*C. B. Prothro, Esq.*, for the petitioner.
*L. L. Hight, Esq.*, for the respondent.

### OPINION.

Trammell: At the hearing the respondent conceded that the gain derived from the sale of the mineral rights should be divided equally between the petitioner and Woods. No further discussion of that question is necessary.

The respondent also conceded that he had made a mathematical error in his deficiency notice in determining that the selling price of O'Toole's interest was a total of $28,850. The addition being erroneous, the correct amount upon the respondent's theory should have been $25,450.

The petitioner contends that the consideration recited in the deed to his wife was not in fact received and that no consideration was received. Yet he does not contend that the transfer to his wife was a gift but merely that the transfer was for his own convenience. He was threatened with claims by certain creditors and he desired to protect himself by this means.

In view of the testimony, it is our opinion that the recited consideration of $2,500 in the conveyance from the petitioner to his wife should not be added to the petitioner's income.

Since, however, the conveyance from the petitioner to his wife was not an actual bona fide transfer of a beneficial interest, the consideration received by the petitioner's wife should be treated as having been received by the petitioner. The petitioner's wife sold a portion of the interest she received in one transaction for $2,100 and also another interest for $750, making a total of $2,850 to be added to the

gross amount received by the petitioner in lieu of the $2,500 consideration named in the transfer to the petitioner's wife.

With respect to the four conveyances made by the petitioner and Woods to Wallace, Neilon, Ward, and Pickett, it appears that these transfers were made without any money consideration but that they were made for services rendered by these individuals to the petitioner and Woods in enabling them to secure and sell the mineral interests. If the value of the services is to be considered in determining the gain, it should be offset by the corresponding increase in the cost of the property or expense in connection therewith.

Omitting the amounts received by the petitioner's wife from the conveyances made by her for the petitioner, and also omitting the amounts of the considerations recited in the conveyances to Wallace, Neilon, Ward and Pickett, the petitioner and Woods together received as the purchase price $16,150. One-half of this amount, or $8,075, was received by the petitioner. To that amount should be added the amount of $2,850 received as consideration from the conveyances by petitioner's wife. The mineral rights cost the petitioner $7,500 and his proportion of the expenses, aside from the conveyances to Wallace, Neilon, Ward and Pickett, was $201.50.

Reviewed by the Board.

*Judgment will be entered under Rule 50.*